# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MATTHEW MARKOVICH,**

        **Plaintiff,**

    v.                                CASE NO. 10-3053-SAC

**KANSAS DEPT. OF
CORRECTIONS, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Plaintiff names as defendants the Kansas Department of Corrections (KDOC) and Correct Care Solutions (CCS). He seeks leave to proceed without prepayment of fees.

As the factual background for this complaint, Mr. Markovich alleges the following. He has a "mental disorder called social-phobia" and has been diagnosed with "social anxiety" and obsessive compulsive disorder. He has undergone treatment since 2005 and his doctor at the V.A. Hospital in Leavenworth has prescribed the drugs Paxil and Clonzipan. Between January 25, 2010 and March 9, 2010, he was "forced to participate in a substance abuse program" called Chemical Dependency Recovery Program (CDRP). This program involves "high levels of social interaction, role playing, and public speaking." He was told that if he did not "actively participate" or if he "signed out" he would be subject to the disciplinary process. He attempted through the mental health staff to be excused from the program due to his mental conditions, without success. His blood pressure was high from stress and he was prescribed medication to

lower it.  He is also experiencing "signs" of post traumatic stress disorder from the stress.  On March 9, 2010, he "signed out" by completing a form acknowledging he would be subject to disciplinary action.  He alleges that if he had not quit he "would have had an emotional breakdown and possibly hurt someone."  Because he quit the program, he was issued a disciplinary report "for 'work performance' for signing out of the program" by Nancy Herman.

As count 1, plaintiff claims that on the dates he was in the CDRP program, "KDOC and CCS employees" were deliberately indifferent to his mental health needs.  In support, he alleges that he tried to participate in the program but suffered "several anxiety and panic attacks" because of his social phobia, and decided he could not complete the program due to "his condition".  He was referred to Mental Health, and saw Dr. Fernando, who would not recommend his release from the program.  Dr. Fernando consulted with other personnel, and it was decided that Mr. Markovich should remain in the program but "with accommodations"; however, plaintiff still suffered anxiety and panic attacks.  He wrote "many mental health request forms and an emergency grievance" and "mental health staff" "offered some techniques" that were not effective.

As count 2, plaintiff claims that between January 25, 2010 and March 9, 2010, he was "harassed by KDOC and CCS staff" because of "the many grievances he has written" and denied fair and equal treatment.  In support, he alleges he is being punished for things that "they don't punish others for", and he believes he is being harassed "because of the many grievances" he has filed "about KDOC not meeting (his) mental health needs."  He then describes what he calls four "major" occurrences of harassment as follows.  On

2

February 19, 2010, he was pulled aside at the cafeteria by Officer Covert and made to wait until everyone passed because he did not walk with a group from the dorm to the cafeteria. He admits he was not walking with a group, but claims the rule is not enforced and others were guilty. The second occurrence was on February 24, 2010, when "there was a minor misunderstanding between (him) and security staff" and his mental health counselor, Tonya Taylor, wrote a disciplinary report on him for lying without investigating first. He claims he is not guilty, and will be eventually found innocent. The third incident was on March 1, 2010, when Taylor had him placed in administrative segregation for a "mental health evaluation". He believes she did this because of a harassment grievance he filed on her "just days before." He claims he did not need to be in ad seg for the one mental health visit he received there, and that he wrote an emergency grievance on this, but has not received it back. The fourth incident was on March 2, 2010, when he was told his order form to the canteen had been lost, and was not given another copy though others' forms had not been lost. Plaintiff then states there were "several other minor" occurrences of harassment, and that "some prison employees" are extremely rude to him and correct him for minor infractions.

As Count 3, plaintiff claims that during the time in question, "KDOC and CCS employees" subjected him to "severe emotional distress." He alleges in support that he suffered this distress from being forced to participate in the program and from the harassment described in count 2. He alleges his emotional stress has manifested in crying, nightmares, night sweats, anxiety attacks, high blood pressure, and despair.

3

Plaintiff seeks an immediate transfer to another facility "to avoid further harassment, dismissal of any disciplinary reports "related to this case" and restoration of good time and reimbursements of any fines, an investigation of the facility and these incidents, employment and professional sanctions against "any employees" found to be at fault, an order prohibiting plaintiff being forced to participate in programs or activities involving social interaction, damages for pain and suffering from emotional distress, harassment and deliberate indifference, and payment for future counseling and medications "that will be needed to help (him) cope" with what "KDOC and CCS have put him through."

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed An application to proceed without prepayment of fees (Doc. 2), and has provided an Inmate Account Statement in support as statutorily mandated (Doc. 6). Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Having examined the records of plaintiff's account, the court finds the average monthly deposit

to plaintiff's account is $ 129.02, and the average monthly balance is $ 88.68. The court therefore assesses an initial partial filing fee of $ 25.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The court further finds from the face of the complaint, that it appears plaintiff has not fully and properly exhausted prison administrative remedies on all his claims, as he is required to do under 42 U.S.C. §1997e, prior to filing this action in federal court[1]. While plaintiff alleges he submitted two emergency grievances, "and several other regular grievances", the time frame makes it very unlikely that he followed the proper grievance process starting at the appropriate first level and appealing to the highest level. Because failure to exhaust appears from the face of the complaint, plaintiff is required to show that he has fully and properly exhausted on each of the grounds raised in the complaint.

---

[1] Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

While exhaustion is an affirmative defense and a plaintiff is not required to plead it in the complaint, when the failure to exhaust is clear from the face of the complaint, plaintiff may be required to show that he has exhausted.

5

**SCREENING**

Because Mr. Markovich is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for several reasons.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff has not named a proper defendant. He does not name a "person" as defendant in the caption of the complaint. Instead, he names a state agency, the KDOC, and the CCS, neither of which is a person subject to suit for money damages under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Howlett v. Rose, 496 U.S. 356, 365 (1990); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005). While plaintiff has mentioned some individuals by name in the body of his complaint, they have not been properly designated as defendants. In order to name a proper defendant he must include a person's name in the complaint's caption, provide the requisite information for that defendant, and state facts in the complaint that describe acts taken by each defendant showing their personal participation in the underlying incident on which the action is based.[2]

Secondly, an inmate may not bring a federal cause of action for mental or emotional injury absent a prior showing of physical injury. 42 U.S.C. § 1997e(e). Section 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

42 U.S.C. § 1997e(e). Asserting that alleged constitutional violations resulted in emotional trauma which caused crying,

---

[2] It is particularly important that the complaint make clear exactly who is alleged to have done what to plaintiff, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state. Rider v. Werholtz, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 565 FN 10 (2007)); Robbins v. Oklahoma, 519 F.3d 1242, 1248-49 (10th Cir. 2008).

nightmares, night sweats, anxiety attacks, hypertension, and despair does not satisfy the statutory prerequisite that plaintiff make a showing of a prior physical injury from the defendants' conduct. Thus, to the extent that plaintiff alleges emotional and mental injuries (and seeks associated damages), his claims are subject to being dismissed.

Third, a petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. Preiser v. Rodriquez, 411 U.S. 475, 499 (1973); McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997); see Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). Thus, plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus. Moreover, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts. Mr. Markovich's challenges to his loss of good time must be dismissed from this action without prejudice to plaintiff raising them in a habeas corpus petition, once he has exhausted all available state remedies.

Fourth, plaintiff's allegations that he was forced to participate in the CDRP program and describing the four "major" occurrences of harassment, taken as true, utterly fail to state a claim of federal constitutional violation. A prison inmate may not

8

refuse to participate in a recommended program with no repercussions. Being called aside in the cafeteria for violating a rule, being written up in a disciplinary report, being placed in administrative segregation for a few days, and having a single canteen order form lost are not "atypical and significant hardship(s)" on an inmate "in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

Fifth, the court finds plaintiff does not allege facts to support a claim of unconstitutional harassment or retaliation. Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. However, "[a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights". <u>Peterson v. Shanks</u>, 149 F.3d 1140, 1144 (10th Cir. 1998); <u>Frazier v. DuBois</u>, 922 F.2d 560, 562 FN1 (10th Cir. 1990). In fact, plaintiff must show that "'but-for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." <u>Peterson</u>, 149 F.3d at 1144. As noted, none of the acts which plaintiff alleges amounted to unconstitutional harassment or retaliation are sufficiently atypical or egregious so as to rise to the level of a constitutional violation. Nor has plaintiff alleged facts showing any of the instances would not have occurred "but for" a retaliatory motive. His allegations appear to be nothing more than his belief that he is being harassed.

Finally, plaintiff's allegations of deliberate indifference are vague and conclusory only. Rather than showing that any named person denied him necessary treatment for a serious medical

9

condition, his own allegations indicate he was seen by mental health care providers on several occasions and that those providers have exercised their professional judgment in his case. Mr. Markovich has not alleged that any doctor prescribed restrictions on programs with social interaction based upon his previously diagnosed mental disorders. Thus, plaintiff has not alleged facts showing that officials ignored a sufficiently serious medical need when they recommended his participation in the chemical dependency program. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). He also has not shown that officials knew of and disregarded an excessive risk to his health and safety. Id. at 837. It follows that Mr. Markovich has not stated an Eighth Amendment claim against any prison official. Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

Plaintiff is given time to show cause why this action should not be dismissed for the reasons stated herein. If he does not file a satisfactory response within the time provided, this action will be dismissed for failure to state a claim.

**OTHER PENDING MOTIONS**

Plaintiff has filed a motion for the clerk to issue summons to defendant in this case (Doc. 3). This motion is unnecessary and premature. The court automatically orders the issuance of summons by the clerk if an action survives screening.

Plaintiff has filed two motions for preliminary injunction

(Docs. 4 & 5) and a supplement to those motions (Doc. 7) as well as a Motion for Emergency Hearing (Doc. 8). In the first motion, he seeks an order requiring the dismissal of disciplinary reports and the halting of all resulting sanctions "until a final ruling" of this court. To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. Schrier v. University of Co., 427 F.3d 1253, 1258 (10th Cir. 2005); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). In this instance, plaintiff "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004)(en banc). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Plaintiff makes no attempt to show any of these factors. Moreover, for reasons already stated, the court finds plaintiff cannot shown a likelihood of success on the merits in this civil rights action as to his habeas corpus claims regarding disciplinary sanctions.

In his second motion for preliminary injunction, plaintiff seeks an order directing KDOC to "immediately transfer" him from LCMHF to Lansing Correctional Facility "to avoid further harassment." Again, plaintiff alleges no facts establishing any of the prerequisite factors for the granting of this extraordinary

relief.  Nor has he shown a likelihood of success on the merits[3] of his harassment claims, given the court's finding that the acts he has described as harassment do not evince a federal constitutional violation.  In his Supplement, plaintiff makes additional conclusory allegations, and complains of verbal harassment, which also appears not to have been fully and properly exhausted.  In any event, verbal harassment does not amount to a federal constitutional violation.  Plaintiff is not entitled to an emergency hearing on his motions for preliminary hearing, since he has not alleged sufficient facts to support either the granting of extraordinary preliminary relief or the finding of a federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $25.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for the clerk to issue summons (Doc. 3), motions for preliminary injunction (Doc. 4 & 5), and Motion for Emergency Hearing (Doc. 8) are denied.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2010, at Topeka, Kansas.

---

[3] An inmate possesses no constitutional right to transfer or to be incarcerated in the facility of his choice.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

s/Sam A. Crow
U. S. Senior District Judge